ACCEPTED
15-24-00095-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
1/21/2025 4:19 PM
CHRISTOPHER A. PRINE
CLERK

**Court of Appeals Number: 15-24-00095-CV**

**Trial Court Case Number: D-1-GN-24-002025**

RECEIVED IN
15th COURT OF APPEALS
AUSTIN, TEXAS

1/21/2025 4:19:27 PM
CHRISTOPHER A. PRINE
Clerk

| | |
|---|---|
| Edward Rudolph Turnbull, IV v. Commission for Lawyer Discipline, Daniela Grosz, Daniel Martinez, Seana Willing, John S. Brannon, Amanda Kates, Jenny Hodgkins, and the Board of Directors of the State Bar of Texas, Cindy V. Tisdale, Steve Benesh, Laura Gibson, Kennon Lily Wooten, et al. | IN THE COURT OF APPEALS<br><br>FIFTEENTH DISTRICT<br><br>AT AUSTIN, TEXAS |

**AMICI CURIAE BRIEF BY ADRIANO KRUEL BUDRI, CITIZEN, AND IN SUPPORT OF APPELLANT EDWARD RUDOLPH TURNBULL, IV OF SEEKING ACCOUNTABILITY OF THE INCUMBENT CHIEF DISCIPLINARY COUNSEL SEANA BECKERMAN WILLIAM OF THE STATE BAR OF TEXAS IN HER INDIVIDUAL AND OFFICIAL CAPACITY FOR ULTRA VIRES ACTS PERPETRATED IN ONE GRIEVANCE COMPLAINT ASSIGNED AND DISMISSED FOR NO "*JUST CAUSE*" AND WITHOUT TO PROVIDE A FULL EXPLANATION TO COMPLAINANT AS REQUIRED BY THE STATUTE "STATE BAR ACT" AND THE TEXAS GOVERNMENT CODE PROVISIONS**

i

# TABLE OF CONTENTS

TABLE OF AUTHORITIES.................................................................... iii

INTEREST OF AMICUS CURIAE................................................. 4

AMICUS CURIAE CITIZEN'S STATEMENT……………………………… 5

SUMMARY OF ARGUMENT……………………………………..……… 5

ARGUMENT………………………………………………………. 6

**I.** Appellant seeks impartial and with integrity investigation and disclosures of a disturbing pattern of Chief Disciplinary Counsel's misconduct, implicating flagrant violation of the state statute "State Bar Act" and codified by the Texas Government Code for authorized practice of law in Texas…………………………………………………………………… 6

**II.** A litany of doctrines tend to immunize the State Bar of Texas' employees (classified and unclassified, including appointed ex-officio officials) and typified as state government employees (allotted in one statewide public corporation as state public employees) from damages or injunctions, particularly in circumstances implicated by this civil case, so the investigation and disclosure of obligations, Petitioner seeks particularly crucial State Bar of Texas' accountability and for his vindication of rights………………………… 7

**III.** The Appellant's relief seeks, though limited to provide meaningful accountability in its own right to have an impartial and with integrity investigation in the so-called self regulated attorney's disciplinary system and executed by one independent Quasi State Entity, which does not have the supervision of the State Auditor and one State Office of Inspector General to avoid inefficiency, waste, and fraud ………………………………………….. 10

CONCLUSION…………………………………………………………… 19

CERTIFICATE OF SERVICE…………………………………………….. 21

# TABLE OF AUTHORITIES

**Cases**                                                                                          **Page(s)**

City of El Paso v. Heinrich, 284 S.W. 3d, 366, 372 (Tex. 2009)………..          18

Judicial Branch Certification Commission, et al v. Jo Ann Holmgren and

Preferred Legal Services, Inc, 691 S.W. 3d 155 (Tex. App. 2024)……..          18

**Statutes**

State Bar Act……………………………………………………………          *passim*

Texas Civil Practice & Remedies Code Section 66.001(1)(2)(3)(4)(5)….          17, 18

Texas Government Code Section 81.001; 81.072(b)(1)…………………          *passim*

Texas Disciplinary Rules Procedure……………………………………          *passim*

Texas Disciplinary Rules for Professional Conduct………………………          *passim*

Texas Sunset Act (Chapter 325)………………………………………..          13

**Texas Rules Appellate Procedure (TRAP)**

Texas Rules Appellate Procedure (TRAP) Rule 11 (c)…………………..          5

**State Constitution**

Texas Constitution, Article 1, Section XIII……………………………          20

Texas Constitution, Article 1, Section XVI……………………………          12

**Other Authorities**

Texas Secretary of State Administrative Orders under constitutional

requirements in the Article 1, Section XVI…………………………….          12

Statement Officer (Anti-Bribery Statement) Form 2201…………………          12

Sworn Oath Office Affidavit Form 2204………………………………          12

Annual Outsourced Private Independent Auditor Reports of the State Bar

of Texas activities about the unaccountability of the CDC.......................          *Passim*

Texas Coalition on Lawyer Accountability (TCLA) Public Commentary

Report (year of 2016) addressed to the Sunset Advisory Commission

about the lack of the accountability of the OCDC of the SBOT………….          16

# INTEREST OF AMICUS CURIAE

This brief is about those obstacles, and why the Appellant is seeking relief in this civil appellate case and that is particularly crucial for the execution of the accountability of the state government employees allotted in state government agencies and having paraphernalia of immunities and to assure unaccountability from Ultra Vires acts committed in secretive administrative quasi judicial proceedings.

Amicus respectfully brings to the Court's attention about the ramifications and implications of the pattern or defiance practice adopted by the Chief Disciplinary Counsel ("CDC") in her individual and official capacity and under an unethical internal policy labeled by the CDC as "*weeded out*" policy and for approximately 90% of the summary dismissals executed and from grievance forms submitted by Complainants with the Office of the Chief Disciplinary Counsel of the State Bar of Texas at Austin's Headquarters Office and also being dismissed as no "just cause" from Summary Disposition Panels ("SDPs") from grievance committee districts of the State Bar of Texas.

In light of the fact that a litany of immunities and other doctrines close the courthouse doors (both in federal and state courts) on victims who would otherwise individually seek accountability for such misconduct in the form of compensatory damages or injunctive relief, at least the Article III Courts can remand cases that the Appellants have demonstrated clear prevarication of the law and committed by

unaccountable unelected public officials and when the Appellant's avenues for the vindication of civil rights are closed and that is necessary at least to achieve some measure of accountability for a pattern of un-redressed abuses committed by unaccountable unelected public officials and allotted in state government agencies.

# AMICUS CURIAE CITIZEN'S STATEMENT

In compliance with the Texas Rules Appellate Procedure (TRAP) Rule 11 (c); Amicus Curiae Citizen states that he did not receive any fee paid or to be paid for preparing the amicus curiae brief and submitted on 01/20/2025, Monday via electronic filing EFILETX system in the case number assigned: 15-24-00095-CV and filed at the Court of Appeals 15th District of Texas at Austin.

# SUMMARY OF ARGUMENT

When the Chief Disciplinary Counsel ("CDC") and her staff of employees violate constitutional and statutory rights, justice demands two things:

**1)** Accountability for the offending officers, officials and employees, and

**2)** Vindication for their victims.

One way to achieve this justifiable goal is that a victim's civil damages suit against the offending officers, officials and employees and from their government employer can be reached and, alternatively, one might file a suit seeking to enjoin an ongoing unconstitutional and or violation of the statutory policy that caused their harm about the civil rights of the citizens.

But a litany of doctrines close the courthouse doors for such claims—under both federal and state law—against wrongdoing committed by state government employees, and their employers as accomplices for Ultra Vires Acts occurred.

This brief explains how several of those doctrines prevent accountability and vindication via individual suits in the particular circumstances of this case—namely, a pattern of unwarranted secretive policy adopted by the State Bar of Texas where the Chief Disciplinary Counsel has been kept unaccountable for many years.

With the damages and injunctive relief doors are all closed to the victims of these abuses, the investigation and disclosure obligations that the Appellant seeks here is essentially all that remain—making it crucial for this Article III Court to reverse and under the Ultra Vires Act committed by unaccountable officials of the Office of the Chief Disciplinary Counsel of the State Bar of Texas and allotted in one Statewide Public Corporation in the Judicial Department of the State Government of the State of Texas.

# ARGUMENT

**I. Appellant seeks impartial and with integrity investigation and disclosures of a disturbing pattern of Chief Disciplinary Counsel's misconduct, implicating flagrant violation of the state statute "State Bar Act" and codified by the Texas Government Code for authorized practice of law in Texas.**

As detailed in Petitioner's Opening Brief filed in this Court on 01/03/2025, this civil case seeks thorough one impartial and integrity investigation and that make disclosures by the Chief Disciplinary Counsel ("CDC"), who flagrantly violated the statutory provision of the "State Bar Act" and clearly codified by the Texas Government Code and for authorized practice of law in Texas and having the CDC committed Ultra Vires Act in her individual and official capacity as one appointed ex-officio official unclassified employee of one Statewide Public Corporation.

**II. A litany of doctrines tend to immunize the State Bar of Texas' employees (classified and unclassified, including appointed ex-officio officials) and typified as state government employees (allotted in one statewide public corporation as state public employees) from damages or injunctions, particularly in circumstances implicated by this civil case, so the investigation and disclosure of obligations, Appellant seeks particularly crucial State Bar of Texas' accountability and for his vindication of rights.**

When apparatchiks commit ultra vires acts, justice requires accountability for them and vindication for their victims. But, due to a variety of judicial and statutory immunity doctrines, both things are practically impossible to come by in the form of civil lawsuits of seeking damages or prospective injunctions, particularly when the abuse entails, as it does here, some combination of disdain in relation the compliance of the state statute "State Bar Act" provisions and codified clearly by the Texas Government Code for authorized practice of law and from the grievance forms submitted by Citizens with the Office of the Chief Disciplinary

7

Counsel of the State Bar of Texas and whose public office as recipient of the grievance forms is supposed to protect the public and against crook attorneys in Texas.

The investigation and disclosure obligations that Appellant is seeking here is therefore both fundamental in his own right, as recently and repeatedly recognized by the Supreme Court of Texas, but also as a crucial backstop to the evisceration of accountability for violations of constitutional, statutory provisions and other rights and that the Chief Disciplinary Counsel ("CDC") with her "*weeded out*" internal policy for 90% of the summary dismissals are executed and for many years in her individual and official capacity located at Austin's  Headquarters Office of the State Bar of Texas and also in all regional offices of the CDC of SBOT scattered in the State of Texas.

**1.** Several doctrines immunize state government employees and their employing governments from damages under federal and state law. With respect to the types of abuses implicated by this case (omission, negligence, disdain and defiance to comply with the statutory provisions of the "State Bar Act" and clearly codified by the Texas Government Code, as well as, prevarication of the rules promulgated by the Supreme Court of Texas and executed in secretive administrative quasi judicial adjudicatory proceedings and without have a minimum of the transparency and with all wrongdoings covered by the Chief Disciplinary Counsel). In practice, this means victim of the pattern at issue here—

especially those subject to the most egregious CDC's misconduct for not compliance of the statutory provisions of the "State Bar Act", Texas Government Code provisions and the rules promulgated by the Supreme Court of Texas for Texas Disciplinary Rules Proceeding and Texas Disciplinary Rules for Professional Conduct; Appellant does not have an avenue for financial compensation and he cannot seek compensation at all for the violations of his most fundamental constitutional rights for protected freedom of speech, due process and open courts. (A blanket political retaliation has occurred and because the Appellant complained to the Office of the Chief Disciplinary Counsel and in response one perfunctory and rubber stamping summary dismissal has been issued.)

**2.** Luckily (and rightly), however, no such barrier stands in the way of Appellant's investigation and disclosure claims here and for the reasons clearly explained in Appellant's Opening Brief filed in this Court on 01/03/2025. At the contrary, recognizing Appellant's standing in these circumstances is precisely how the Court fulfills its responsibility to identify systemic problems and devise appropriately tailored and transparent investigation and disclosure remedies about the systemic prevarication committed by the Chief Disciplinary Counsel ("CDC") in her individual and official capacity located at Austin's Headquarters Office of the State Bar of Texas and also in the regional offices of the CDC of SBOT.

**3.** In the absence of the investigation and disclosure obligations; Appellant is seeking about the patterns of disdain and prevarication of the statutory provisions,

Texas Government Code provisions, and the rules promulgated by the Supreme Court of Texas and perpetrated with willful prevarication over years by the CDC in her individual and official capacity and with her "weeded out" internal policy for 90% of the summary dismissals of the valid grievance complaints assigned. This Court should account for that reality in granting Appellant the reasonable relief and that he is seeking in these legal and factual circumstances about the Chief Disciplinary Counsel ('CDC") ultra vires acts and with her 06 figures annual salary paid by the members of the State Bar of Texas and not having accountability for her ultra vires acts and perpetrated in her individual and official capacity.

**III. The Appellant's relief seeks, though limited to provide meaningful accountability in its own right to have an impartial and with integrity investigation in the so-called self regulated attorney's disciplinary system and executed by one independent Quasi State Entity, which does not have the supervision of the State Auditor and one State Office of Inspector General to avoid inefficiency, waste, and fraud.**

With an exhaustive bunch of the immunities of barring accountability and vindication in the form of civil damages and injunctions, the investigation and disclosure relief that Appellant is seeking is especially imperative and for all the reasons already discussed above.

While such relief is limited (particularly because it does not offer much-needed and deserved financial redress for its victims), it remains meaningful and to bring accountability of the Chief Disciplinary Counsel via one Article III Court.

Also, the Chair of the Commission for Lawyer Discipline (CFLD) could bring accountability in several ways (but the Chair did not it), as example and recognized by the Supreme Court of Texas in the matter of  City of El Paso v. Heinrich, 284 S.W.3d 366 (Tex. 2009), and by the Court of Appeals for the 3rd District at Austin in the matter of Judicial Branch Certification Commission, et al v. Jo Ann Holmgren and Preferred Legal Services, Inc, 691 S.W. 3d 155 (Tex. App. 2024) and that is related for unaccountable state government employees, officials and officers allotted in one government unit.

In short, the investigation and disclosure relief that Appellant is seeking, it is important in its own right—though limited, primarily for its lack of redress for financial compensation and caused by the CDC's prevarication of the statute "State Bar Act" provision, Texas Government Code provisions and the rules promulgated by the Supreme Court of Texas that regulate the authorized practice of law in Texas.

With civil damages and injunctive suits for victims of the types of misconduct described in this specific civil case and all off the table about the relief sought here, it becomes downright crucial for ensuring a measure of accountability for government officers, officials and public employees, and same from Quasi State Entities and managed by one inner circle of cronies' cartel and that in a practical manner secretively cover up all prevarication committed by the Chief Disciplinary Counsel ("CDC") as one unclassified employee and her staff of

classified employees and all allotted at the Offices of the Chief Disciplinary Counsel of the State Bar of Texas in the administrative structure of the Statewide Public Corporation in the State of Texas.

Also, apparently, such State Bar of Texas' public employees, they are not holding constitutionally as legitimate office holders allotted in public offices of the statewide public corporation of the State Bar of Texas and with the required filing forms of the Statement Officer (Anti-Bribery Statement Form 2201) and Sworn Oath of Office Affidavit (Form 2204) signed and notarized publicly and being administered by one legitimate officer of the Board of Officers and Directors of the State Bar of Texas and duly registered with the Texas Secretary of State for Government Filings Section as required by the Texas Constitution, Article 1, Section XVI for elected and appointed legitimate office holders and to hold legitimately a public office in the State of Texas as public servants and to serve the public in general.

The State Bar of Texas as Quasi State Entity and being one Statewide Administrative Agency, Statewide Public Corporation and one Statewide Attorneys Texas Trade Association, such State Public Entity is not exempt from the constitutional requirements for State Public Servants to occupy one Public Office in the State of Texas as legitimate Office Holders and including in one Independent Statewide Public Corporation with a self-regulated attorney disciplinary system and administered by state government employees paid by the

12

members of the State Bar of Texas and not under the General Appropriations Act of the Texas legislative Fiscal Years and same not having the supervision audit and from the part of the State Auditor and from the Texas Comptroller Department and only receiving scarcely a lame duck staff report prepared and issued by the State Legislative Agency of the Sunset Advisory Commission for overall supervision of the efficiency, accountability and integrity of the State Government Agencies in the State of Texas and of which has intentionally omitted the lack of accountability of the Chief Disciplinary Counsel ("CDC") of the State Bar of Texas. The State Bar is subject to the Texas Sunset Act (Chapter 325). Subsequent to May 31, 2016, the revised State Bar Act was approved (Texas Government Code Section 81.001 et. seq.)

The State Bar of Texas as a government unit, it does not have a State Audit and much less an office of the Inspector General and to supervise the Statewide Administrative Agency for inefficiency, waste of resources and fraud, as consequence, a grand thief has occurred and committed for many years by one former director of the Board of Officers and Directors of the State Bar of Texas as part integrant of the government unit, and having been subsequently contracted one private forensic auditor company called Weaver and Tidwell, LLP and that is located in Austin, Travis County, Texas, and to prepare and issue annual independent auditor's reports about the annual financial statements, management's responsibility for the financial statements, as well as, other matters.

13

In the fiscal year of 2021, the State Bar of Texas engaged the services of the Outsourced Private Independent Auditor Services of the McConnell & Jones LLP (MJ) and to conduct its internal audit services for fiscal year 2021 as Report Number 22-001 and dated on 11/30/2021 and of which has been addressed to the Mr. David N. Calvillo of the State Bar of Texas (SBOT) Audit & Finance Committee.

In this Independent Audit Services Report, the Independent Auditor Darlene Brown as Partner of the Private Independent Auditor Services of the McConnell & Jones LLP (MJ) has reported the lack of the compliance with applicable statutes and policies as one of the audit focus occurred.

Also, such Outsourced Private Independent Auditor Services of the McConnell & Jones LLP (MJ) has issued one Independent Audit Services Report as Internal Audit Report of the Chief Disciplinary Counsel Processes as Report Number 21-002 and dated on 02/05/2021 and having been addressed to the Mr. Alistair Dawson as Chair of the State Bar of Texas Audit & Finance Committee as audit performed as part of the approved Annual Internal Audit Plan of the statewide public corporation.

In this annual report prepared and delivered by Ira Wayne McConnell, CPA as Partner of the McConnell & Jones LLP (MJ), the independent auditor has reported about the audit scope period from the date of June 1, 2019 – May 31, 2020.

On the page number 8 of the Auditor's Report, Section number 3 for business objective: Complaint and Investigation Process, in business risk, the independent auditor found in her audit findings that the Chief Disciplinary Counsel ("CDC") may not review and investigate grievances prior to dismissal.

On the page number 9 of the Auditor's Report, Section number 4 for business objective: Compliance with Applicable Regulations and Policies, in business risk, the independent auditor found in her audit findings that the District Grievance Committee composition may not comply with Texas Government Code Requirements. Also, the independent auditor's findings have found that the State Bar of Texas ("SBOT") may not follow the Supreme Court's minimum standards and procedures for the attorney disciplinary and disability system.

On the page number 10 of the Auditor's Report, Section number 6 for business objective: Communications and Reports to Commission for Lawyer Discipline, in business risk, the State Bar of Texas ("SBOT") may not follow Supreme Court's minimum standards and procedures for the attorney disciplinary and disability system.

On the page number 21 of the Auditor's Report, about the Section of the Texas Rules of Disciplinary Procedure, the State Bar of Texas ("SBOT") did not meet the requirements for Sub-Section B: Summary Disposition Panel ("SDP") proceedings, and Sub-Section C: Evidentiary Panel Proceedings.

In other words, even one Private Independent Forensic Auditor hired and paid by the State Bar of Texas has admitted the chronic deficiencies already showed by the Appellant in this civil appellate case.

The Office of the Chief Disciplinary Counsel of the State Bar of Texas has willfully violated statutory provisions and of which has been enacted by the Texas legislative Body and promulgated by the Supreme Court of Texas.

The issue is old and the Statewide Public Corporation has never adopted one comprehensive administrative reform and to make corrections of such deficiencies.

As example, in 2016, the Texas Coalition on Lawyer Accountability (TCLA) has published one report as a public commentary registered and addressed to the State Legislative Agency of the Sunset Advisory Commission and in relation the requirement of the Texas Government Code Sec. 81.072(b) (1) as part of the statutory provision of the state statute "*State Bar Act*" and having been publicly published and recorded with the State Legislative Agency and for Texas Legislature Report.

This Court can order accountability to the State Bar of Texas for the willful prevarication of the statutory provisions, Texas Government Code, and Rules promulgated by the Supreme Court of Texas and perpetrated irresponsibly by the Chief Disciplinary Counsel ('CDC") and for many years in her individual and official capacity at Austin's Headquarters Office of the State Bar of Texas and also from all Chief Disciplinary Counsel's Staff Employees and scattered in all regional

offices of the CDC of SBOT, and once that the Commission for Lawyer Disciplinary (CFLD) has cover up all wrongdoings committed by the Chief Disciplinary Counsel's prevarication of the laws, rules and statutory provisions and not having been reported adequately to the Board of Officers and Directors of the State Bar of Texas as Government Unit and Policy Makers of the Quasi State Entity about the prevarication committed by the Chief Disciplinary Counsel ("CDC") and subsequently not reported to the Supreme Court of Texas as State Judicial Agency and that delegated administrative power to the Board of Officers and Directors of the State Bar of Texas to administer and to enforce the Texas Disciplinary Rules Procedure, Texas Disciplinary Rules for Professional Conduct, and to comply with the state statute "State Bar Act" provisions and the Texas Government Code Sections for authorized practice of law as part of the ministerial duties delegated by the Supreme Court of Texas and for protection of the public in general against crook attorneys in Texas.

Only the Article III Court can order accountability of the ("weeded out") Chief Disciplinary Counsel ("CDC") Policy and all persons serving as Chief Disciplinary Counsel and allotted at the Offices of the Chief Disciplinary Counsel of the State Bar of Texas as part of the administrative structure of the Statewide Public Corporation in the State of Texas.

Also, illegitimate office holders are liable for summary removal of the public offices and under the Texas Civil Practice & Remedies Code Section

17

66.001(1)(2)(3)(4)(5) as an action in the nature of quo warranto and including for illegitimate statewide public corporation employees and holding illegitimately as office holders in public offices in the State of Texas.

For example, in the matter of Judicial Branch Certification Commission, et al v. Jo Ann Holmgren and Preferred Legal Services, Inc, 691 S.W. 3d 155 (Tex. App. 2024), the Third District Court of Appeals at Austin remanded the cause to the trial court and for further proceedings on 04/30/2024.

The 3rd District Court of Appeals at Austin wrote in the opinion issued that sovereign immunity does not shield the state from ultra vires claims seeking to prevent government officials from exceeding their statutory or constitutional authority and having relied in the civil case: *City of El Paso v. Heinrich,* 284 S.W.3d 366, 372 (Tex. 2009), and having concluded the opinion to remand the case to the lower court and having resolved the jurisdictional issues raised by both parties in the Court of Appeals of the 3rd District at Austin.

Also, this Intermediary Court of Appeals District should request an Amicus Curiae Opinion and from the part of the Office of General Attorney of Texas at Administrative Law Division and in relation the willful violation perpetrated by the Chief Disciplinary Counsel of the State Bar of Texas and for many years in relation the defiance of the requirement of the Texas Government Code Sec. 81.072(b)(1) provision and to provide a full explanation for dismissal of no "just cause" to Complainants and from Grievance Inquiries and Grievance Complaints.

Also, the Attorney General of Texas should request to the Chief Disciplinary Counsel and the staff employees, copies of the filing forms for Statement Officer (Anti-Bribery Statement Form) and Sworn Oath of Office Affidavit Forms filed before to take office as office holders allotted at the Offices of the Chief Disciplinary Counsel of the State Bar of Texas as Statewide Public Corporation and of which should be duly registered with the Texas Secretary of State in the Corporation Section and with their respective Officers elected by the Members of the Attorneys Texas Trade Association and called State Bar of Texas.

The Citizens in Texas have been systematically denied grievance fairness, impartial and integrity redress and because the State Bar of Texas is one Quasi State Entity and having a flagrant conflict of interest between the inner circle of the cronies' cartel and from the secretive administrative quasi judicial adjudicatory proceedings dismissed for the so called no "*just cause*" and not complying with the statutory provisions required by the state statute "State Bar Act".

# CONCLUSION

The Court should reverse and hold that Appellant is entitled to one impartial and integrity investigation and disclosure obligations that he seeks in one impartial and integrity investigation with transparency and that it is consistent in one democratic society and that it defends the liberty and the civil rights of the Citizens and make accountable unelected apparatchiks allotted in State Government Agencies.

Appellant standing and that there is subject-matter jurisdiction over the Appellant's claims on the merits and there is no control state action and from one Quasi State Entity and when the state government employees failed to perform his/her ministerial duties and falling squarely in the cause of action for Ultra Vires Act committed in one secretive administrative quasi judicial proceeding and without have any kind of the transparency and still having violated the statutory provisions of the "State Bar Act" and codified by the Texas Government Code.

This Amice Curiae Brief is filed for consideration in this civil appeal case and under the Texas Open Courts Provision of the Texas Constitution art I, § 13.

Dated: January 21, 2025

Respectfully submitted,

*/s/Adriano Kruel Budri*
Adriano Kruel Budri
Amici Curiae Citizen
5029 County Road 605
Burleson, TX 76028-1177
Email address: abudri64@gmail.com

# CERTIFICATE OF SERVICE

I certify that I served all parties to this appeal through the Court's electronic filing system, including Appellant's and Appellee's counsel on the 21th day of January 2025.


*/s/Adriano Kruel Budri*
Adriano Kruel Budri
Amici Curiae Citizen
5029 County Road 605
Burleson, TX 76028-1177
Email address: abudri64@gmail.com

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 96445044
Filing Code Description: Other Brief
Filing Description: AMICI CURIAE BRIEF
Status as of 1/21/2025 4:25 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Pat Mizell | | pmizell@velaw.com | 1/21/2025 4:19:27 PM | SENT |
| Billy SHart | | billy.hart@westwebblaw.com | 1/21/2025 4:19:27 PM | SENT |
| Jay Rudinger | | jay.rudinger@westwebblaw.com | 1/21/2025 4:19:27 PM | SENT |
| Jadd Masso | 24041411 | jmasso@clarkhill.com | 1/21/2025 4:19:27 PM | SENT |
| Royce Lemoine | 24026421 | royce.lemoine@texasbar.com | 1/21/2025 4:19:27 PM | SENT |
| Richard Huntpalmer | 24097857 | Richard.Huntpalmer@texasbar.com | 1/21/2025 4:19:27 PM | SENT |
| Gaines West | 21197500 | gaines.west@westwebb.law | 1/21/2025 4:19:27 PM | SENT |
| John Rudinger | 24067852 | jay.rudinger@westwebblaw.com | 1/21/2025 4:19:27 PM | SENT |
| Judd Stone | 24076720 | Judd@stonehilton.com | 1/21/2025 4:19:27 PM | SENT |
| Daniel Olds | 24088152 | dolds@clarkhill.com | 1/21/2025 4:19:27 PM | SENT |
| Brooke Noble | | bnoble@velaw.com | 1/21/2025 4:19:27 PM | SENT |
| Michael Graham | 24113581 | Michael.Graham@TEXASBAR.COM | 1/21/2025 4:19:27 PM | SENT |
| Emily Bamesberger | | ebamesberger@velaw.com | 1/21/2025 4:19:27 PM | SENT |
| Justin B.Cox | | jbcox@clarkhill.com | 1/21/2025 4:19:27 PM | SENT |
| Gaines West | | gaines.west@westwebblaw.com | 1/21/2025 4:19:27 PM | SENT |